**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | | | |
|---|---|---|---|---|
| (1) | DEBORAH BRADSHAW, | ) | | |
| (2) | CHRYSTAL ANTAO, | ) | | |
| | | ) | | |
| | Plaintiffs, | ) | | |
| | | ) | | |
| v. | | ) | Case No: | 22-cv-306-CVE-CDL |
| | | ) | | |
| (1) | AMERICAN AIRLINES, | ) | | |
| (2) | MESA AIRLINES ET AL., | ) | | |
| | | ) | | |
| | Defendants. | ) | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Mesa Airlines, (the "Removing Defendant") removes this action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. Removal is warranted as this is a diversity action with more than $75,000 in controversy, and thus, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332. In support of this Notice of Removal, Removing Defendant shows the Court as follows:

## BACKGROUND

1. On or about June 2, 2022, Plaintiff Deborah Bradshaw commenced this action in the District Court of Tulsa County, State of Oklahoma, by filing a Petition. [*See* Ex.1, Pl.'s Pet].

2. On or about June 7, 2022, Plaintiff Deborah Bradshaw and newly named Plaintiff Chyrstal Antao filed a First Amended Petition in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2022-01676. [*See* Ex.3, Pl.'s 1st Am. Pet].

3. Plaintiff served Removing Defendant with the Summons and Petition on June 14, 2022, and the Summons and First Amended Petition on June 14, 2022, thereby giving it notice of the State Court Action. [*See* Ex. 5 and Ex. 6].

3. Subsequently, on or about June 29, 2022, Plaintiffs Deborah Bradshaw and Chyrstal Antao filed a Second Amended Petition in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2022-01676. [*See* Ex. 7, Pl.'s 2nd Am. Pet].

4. Pursuant to 28 U.S.C. § 1446 and LCvR81-2(a) a true and correct copy of the summons, and all copies of process and pleadings from the state court are attached as Exhibits 1 – 7, along with the State Court Docket Sheet attached as Exhibit 8.

5. Pursuant to 28 U.S.C. §§ 1332 and 1367, and as discussed more fully below, there is complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1446, defendants "who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A) (emphasis added).  Defendant, American Airlines has no objection to this removal.

6. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Tulsa County, Oklahoma, where the action was pending.  *See* 28 U.S.C. § 116(c).

7. The Notice of Removal is timely filed. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of receipt by the Removing Defendant of the pleading setting forth the claim for relief upon which such action or proceeding is based.

8. Venue is proper under 28 U.S.C. §§ 1441(a) and 1391(b).

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332**

9. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and (B) that is between citizens of different states. Accordingly, the action may be removed to this Court by the Removing Defendant pursuant to 28 U.S.C. § 1441(a).

      **A.**    **The amount in controversy requirement is satisfied.**

10.    It is apparent from the face of the Second Amended Petition that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. [*See* Ex. 7, 2nd Am. Pet. at p. 5, ¶ 23].

11.    The assertions regarding damages in the Second Amended Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. *See* 28 U.S.C. § 1446(c)(2).

      **B.**    **Complete diversity of citizenship exists between Plaintiff and Defendants.**

12.    Upon information and belief, Plaintiffs are citizens of and domiciled in the State of Oklahoma. [*See* Ex. 7, 2nd Am. Pet. at p. 1, ¶ 1].

13.    Defendant Mesa Airlines, Inc. is a Nevada foreign corporation with its principal place of business in Phoenix, Arizona.

14.    Defendant American Airlines, Inc., is a Delaware foreign corporation with its principal place of business in Fort Worth, Texas.

15.    In light of the foregoing, complete diversity exists for purposes of 28 U.S.C. § 1332(a)(1).

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

16.    Based upon Plaintiff's allegations, diversity jurisdiction has been satisfied under 28 U.S.C. § 1332(a)(2).

17. Based upon Plaintiff's allegations, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00, the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

18. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19. Defendant American Airlines has no objection to this removal.

20. The allegations in this Notice of Removal are true and correct and within the jurisdiction of this Court, therefore this case is removable to this Court.

21. If any question arises as to the propriety of the removal of this action, the Removing Defendant respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

## **NON-WAIVER OF DEFENSES**

22. The Removing Defendant reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b). The Removing Defendant will file a responsive pleading in the time frame permitted under Fed. R. Civ. 81(c)(2)(C), or as further extended by the Court.

23. By removing this action from the District Court of Tulsa County, Oklahoma, the Removing Defendant does not admit any of the allegations in Plaintiffs' Second Amended Petition.

24. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, Defendant, and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d) and LCvR81-2(a).

25. The Removing Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Mesa Airlines, desiring to remove this case to the United States District Court for the Northern District of Oklahoma, it being the district for the county in which the State Court Action is pending, prays that the filing of this Notice of Removal shall effect the removal to this Court.

Respectfully submitted,

**MCAFEE & TAFT, PC**

*/s/ Timothy L. Spencer*
J. Craig Buchan, OBA #19420
Timothy L. Spencer, OBA #33277
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
(918) 574-3042
(918) 574-3142 (*facsimile*)
***ATTORNEYS FOR DEFENDANT
MESA AIRLINES***

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2022 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to ECF registrants.

A copy was also sent via first-class mail to the following:

Gary L. Richardson
7447 South Lewis
Tulsa, OK 74136

Stephen P. Gray
2400 West Detroit St.
Broken Arrow, OK 74012

                                          */s/ Timothy L. Spencer*
                                          Timothy L. Spencer