IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DEBORAH BRADSHAW, CHYRSTAL ANTAO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CJ-2022-01675 ) |
| AMERICAN AIRLINES, MESA AIRLINES ET AL., | ) Judge Drummond ) ) ***JURY TRIAL DEMANDED*** |
| Defendants. | ) |

**FILED DISTRICT COURT**
JUN 07 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA, TULSA COUNTY

## FIRST AMENDED PETITION FOR NEGLIGENCE

**COMES NOW** the Plaintiff, **Deborah Bradshaw** by and through her attorneys, Gary L. Richardson, and Stephen P. Gray, and hereby submits her First Amended Petition to add an additional Plaintiff, Chrystal Antao. The balance of the Petition remains unchanged and is brought for cause of action against the Defendants, American Airlines and Mesa Airlines, hereby allege and state as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1. That Plaintiffs, Deborah Bradshaw is a resident of Tulsa County and Chrystal Antao is a resident of Rogers County. As such both are residents of the State of Oklahoma, and therefore, jurisdiction is proper in this venue.

2. That an airline incident and emergency landing occurred on June 7, 2020, on American Airlines flight #5959. Plaintiffs purchased their tickets, for this flight, while they were physically located in the State of Oklahoma.

3. That pursuant to 12 O.S. § 2004(F), "a court of this state may exercise jurisdiction on any basis consistent with the Constitution of this State and the Constitution of the United States." 12 O.S. § 137 also states, "In addition to other counties in which an action may be

brought against a nonresident of this state…such action may be brought in any county in which there may be property of or debts owing to such defendant."

4. Both Plaintiffs, at all times relevant, were residents of the State of Oklahoma.

## II.   FACTS

Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 1-4, above, and further allege and state as follows:

5. An in-flight incident and emergency landing occurred on June 7, 2020, on American Airlines flight #5959, wherein Defendant's airplane cabin, approximately 10 minutes after takeoff, began to fill with grey smoke. The plane had trouble gaining altitude and then made a sharp descent.

6. A short time later the oxygen masks dropped from the ceiling, however, **no instructions were given by either the pilots or the flight crew. Nor did anyone awaken the sleeping passengers.**

7. Several people, including the Plaintiffs near the middle and rear of the plane, were having difficulty getting the masks to descend properly. The masks near the Plaintiffs (Ms. Bradshaw and Ms. Antao) would not descend far enough to be applied. After several moments of tugging and yanking frantically on a mask that was assigned to a different seat, both Plaintiffs were able to place a mask over their faces.

8. During all this chaos midflight there was also an ever-increasing smell of something burning and the light grey smoke was getting thicker throughout the cabin. See Exhibit A attached hereto.

9. During this incident and subsequent emergency landing no airline employee made any announcement to the passengers. Many of them were forced to assume a "worst-case" scenario of this flight ending in a crash.
10. Approximately 15 minutes after the masks dropped from the ceiling a flight attendant walked through the cabin and announced it was safe to remove their masks because the plane had descended to below 10,000 feet.
11. There was still no explanation of what had just taken place. Both Plaintiffs and many others were complaining of trouble breathing due to the grey smokey haze that was all throughout the cabin. Additionally, the airline did not provide any medical personnel at the gate to offer assistance as many passengers sustained physical and emotional injuries.
12. Several passengers called their family to tell them goodbye believing they would not make it out of this flight alive.
13. Defendant was negligent (as is described below) in their operation of this airplane at the time of this in-flight traumatic experience and emergency landing.
14. That as a direct result of the Defendant's Negligence and Negligent Infliction of Emotional Distress, Plaintiffs suffered severe extensive injuries, which have required continuing medical and psychological treatment.

### III. CAUSE OF ACTION
### (Negligence/Negligent Infliction of Emotional Distress)

Plaintiffs adopts and incorporates by reference the allegations contained in paragraphs 1-14 above, and further alleges and states as follows:

15. That at all times pertinent hereto, the Defendant failed to act as a reasonable prudent air traffic carrier and otherwise acted negligently in the operation their airplane.
16. That as a result of the negligence of the Defendant, a terrible in-flight incident occurred with the Defendant's plane descending rapidly, the passenger cabin filling with smoke, which

caused on-going breathing and respiratory issues for the Plaintiffs. This incident ultimately led to an emergency landing.

17. That as a direct and proximate result of the negligence of Defendant, the Plaintiffs suffered potentially permanent personal injuries and damages. Further, this incident has caused documented extreme anxiety and psychological issues for both Ms. Bradshaw and Ms. Antao.

18. That at all times pertinent hereto, the Defendant violated state, and local statutes, laws, and regulations in the operation their airplane. These violations caused and/or contributed to the in-flight incident and emergency landing which caused the severe and permanent injuries and damages of Plaintiffs.

19. That Defendant is negligent *per se* for the severe injuries and damages of Plaintiffs because of their violations of applicable local, and state statutes, laws, and regulations.

20. That pursuant to 23 O.S. § 9.1, the acts and omissions of Defendant are such as to rise to the level of gross negligence and/or show reckless disregard for the safety of others. Therefore, punitive damages are appropriate in this case against the Defendants.

21. That Defendant, American Airlines, possessed a **heightened duty of care** under the **"common carrier" standard.** Airlines fall into a category called "common carriers" which are defined as, "entities that transport the general public for a fee. The law imposes a heightened duty of care on common carriers. Airlines and other common carriers must act with a high degree of care and use the vigilance of a very cautious person in order to protect passengers from potential harm." This higher standard of care extends to the airline's employees which include: (pilots, flight attendants, ground crew, maintenance workers, and the airlines own safety inspectors).

22. That as a result of Defendant's negligence, Plaintiffs suffered personal injuries, described herein, including but not limited to:

   i. Past medical expenses;
   ii. Future medical expenses;
   iii. Past physical pain;
   iv. Future physical pain;
   v. Past mental suffering;
   vi. Future mental suffering;
   vii. Past lost wages;
   viii. Future lost earning;
   ix. Permanent injuries.

23. That as a result of the negligence of the Defendant, Plaintiffs sue for damages due in an amount in excess of $10,000.00.

**WHEREFORE**, Plaintiffs prays for judgment against Defendant, for the damages set forth above in an amount in excess of $10,000.00, their costs, interest, punitive damages, attorneys' fees, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Gary L. Richardson, OBA #7547
7447 South Lewis Ave.
Tulsa, Ok 74136
glr@rrbok.com
Phone: (918) 492-7674
And
Stephen P. Gray, OBA #3556
2400 West Detroit Street
Broken Arrow, Ok 74012
steve@lawspg.com
Phone: (918) 994-7051
*Attorneys for Plaintiff*
**JURY TRIAL DEMANDED**
***ATTORNEYS' LIEN CLAIMED***