**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

DEBORAH BRADSHAW and ) 
CHRYSTAL ANTAO, ) 
 ) 
 Plaintiffs, ) 
 ) 
v. ) Case No. 4:22-CV-306-CVE-CDL 
 ) 
AMERICAN AIRLINES, INC. and ) 
MESA AIRLINES, INC., ) 
 ) 
 Defendants. ) 

## OPINION & ORDER

This matter is before the Court on the defendants' "Motion to Strike Plaintiffs'
Amended Witness and Exhibit Lists, . . . Motion to Strike Expert Report, [and] Motion for
Sanctions" (Doc. 30, 53). The defendants argue that the plaintiffs violated Fed. R. Civ. P.
6, 16, 26(a), and 37, LCvR 7-1(g), and the Court's Scheduling Order (Doc. 20) by failing
to timely (1) disclose plaintiffs' expert witness and medical provider witnesses and (2)
produce their expert's report. This Opinion and Order is issued pursuant to Fed. R. Civ. P.
72(a) and 28 U.S.C. § 636(b)(1)(A).[1]

---

[1]      Magistrate judges are authorized to decide referred pretrial motions that are "not
dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §
636(b)(1)(A); *Southwest Stainless, L.P. v. Sappington*, No. 07-CV-0334-CVE-FHM, 2008
WL 1777476, at *2 (N.D. Okla. April 17, 2008) (unpublished) ("the magistrate judge's
exclusion of [plaintiffs' expert's] testimony at trial [was] not clearly erroneous or contrary
to law"); *Sigler v. Coastal Chem, Inc.,* No. 06-CV-199-B, 2008 WL 11335006, at *2 (D.
Wyo. June 19, 2008) (unpublished) (magistrate judge's order excluding an expert "is not a
dispositive ruling") (citations omitted); *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 243–
44 (D. Colo. 1993).

I.      **Background**

The plaintiffs allege that, on June 7, 2020, they were passengers on a plane operated by defendant American Airlines, Inc. when there was an in-flight incident involving the rapid descent of the plane. (Doc. 2-1). The plaintiffs filed this negligence action in Tulsa County District Court on June 2, 2022. The case was removed on July 14, 2022. The District Judge entered a Scheduling Order on August 24, 2022. Among other deadlines, the Court set a September 7, 2022 deadline for initial disclosures, January 18, 2023 for plaintiffs' expert identification and reports, March 1, 2023 as the discovery cutoff, and March 8, 2023 for witness and exhibit lists. (Doc. 20).

The plaintiffs timely provided their Initial Disclosures. However, the disclosures only generally described categories of witnesses, including "medical professionals (doctors, nurses, etc.) that have diagnosed, prescribed and/or provided care to both Plaintiffs . . . to be later identified," "any expert witnesses retained by Plaintiffs," and "records custodians." (Doc. 21).

Defendant Mesa issued written discovery to the plaintiffs on August 26, 2022, and the plaintiffs responded on October 14, 2022. Mesa's Interrogatory No. 14 requested that the plaintiffs identify their healthcare providers for the ten years preceding the incident at issue. In response to Interrogatory No. 14, Plaintiff Bradshaw identified three physicians, Dr. Christopher Dalton, Dr. Andrew Kelly, and Dr. Edward Rylander. (Doc. 30-2 at 6). Plaintiff Antao objected to Interrogatory No. 14, alleging that it was "overbroad" and stating, "We have provided medical records dating back to 2018. See all of the attached

exhibits 'F.'" (Doc. 30-3 at 5). During the April 6, 2023, hearing on the instant Motions, the plaintiffs' counsel represented that HIPAA releases were also provided.[2]

Mesa's Interrogatory No. 23 also requested that the plaintiffs "identify all persons whom [the plaintiffs] expect to call as expert witnesses at trial." (Doc. 30-2 at 10, Doc. 30-3 at 7-8). The plaintiffs objected to Interrogatory No. 23, citing "Attorney/Client Privilege." *Id*.

The plaintiffs also failed to identify any expert or produce any expert report by the January 18, 2023 deadline. (*See* Doc. 30 at 6). In contrast, the defendants timely identified their expert witness and produced their expert report. (Doc. 30-7).

The defendants deposed both of the plaintiffs in February 2023. (Doc. 30 at 9). Discovery closed on March 1, 2023. (Doc. 20). As of the April 6, 2023 hearing, the plaintiffs had not deposed any party or witness, nor had they supplemented their initial disclosures or written discovery responses to produce information about any expert or any additional information regarding their medical providers. (*See* Doc. 30 at 8-9).

The Court entered a Settlement Conference Order on November 28, 2022, setting a settlement conference for March 6, 2023 before an Adjunct Settlement Judge (ASJ). (Doc. 22). The Order required that the plaintiffs provide their settlement conference statement to the ASJ by February 21, 2023. *Id*. The plaintiffs did not produce a settlement conference

---

[2]     At the April 6 hearing, the contents of the medical records were not discussed by the parties, and the medical records and HIPAA releases were not provided to the Court. In any event, the plaintiffs did not indicate any of the medical providers would be called as *witnesses* prior to their amended lists, submitted after the discovery cutoff and deadline for witness and exhibit lists.

statement by the deadline. (*See* Doc. 30 at 9-10). The defendants did timely produce their

statement.

On March 3, 2023, one business day before the scheduled settlement conference,

the ASJ notified Court staff that, despite his efforts to obtain the plaintiffs' settlement

conference statement, it had still not been produced. The Court entered a Minute Order

striking the March 6, 2023, settlement conference and warning that plaintiffs must comply

with deadlines:

| 03/03/2023 | 25 | MINUTE ORDER by Magistrate Judge Christine D Little *The Court is advised that plaintiffs have not provided their settlement conference statement, which was due to the Adjunct Settlement Judge by February 21, 2023. As a result, the settlement conference set for March 6, 2023 is hereby stricken. The Court will reset the settlement conference upon receipt of a new date from ASJ Hugh Robert. Plaintiffs shall submit (not file) their settlement conference statement as directed in the Settlement Conference Order (Dkt. # 22) by March 10, 2023. Continuing failure to comply with the court's orders may result in consequences for non-compliance, as described in the Settlement Conference Order,* setting/resetting deadline(s)/hearing(s): (Re: 22 Settlement Conference Order,, Setting/Resetting Deadline(s)/Hearing(s), ) (This entry is the Official Order of the Court. No document is attached.) (CDLJ, Judge) (Entered: 03/03/2023) |
|---|---|---|

(Doc. 25). The Court subsequently reset the settlement conference for March 20, 2023.

(Doc. 26). Despite the Court's clear directive that the plaintiffs produce their settlement

conference statement by March 10, 2023, the statement was not provided until March 15,

2023. (*See* Doc. 30 at ¶25).

The defendants produced their witness and exhibit lists to the plaintiffs by the March

8, 2023 deadline. Two days after the deadline passed, the plaintiffs provided their witness

and exhibit lists to the defendants. (Doc. 30-9).[3] However, the plaintiffs only specifically

identified two witnesses: the plaintiffs themselves. Otherwise, they only generally listed

categories: "Experts, [i]f deemed, to be determined," and "Witnesses Listed by

Defendants." *Id*. During the hearing, the plaintiffs' counsel represented that the plaintiffs'

medical providers were listed. However, the plaintiffs' list (Doc. 30-9) did not list any

medical providers by name or even general category. *Id*.

On March 21, 2023, 20 days after the discovery cutoff, the plaintiffs filed amended

witness and exhibit lists, identifying Dan Howard as an expert witness for the first time.

(Docs. 28, 29). According to the amended lists, Mr. Howard would "testify in accordance

with his expert report as to the actions and inactions of the pilots and flight crew . . .

regarding the flight at issue in this matter." *Id*. The plaintiffs also produced, for the first

time, Mr. Howard's report titled "Plaintiffs' Expert Witness Overview." The entirety of the

description of Mr. Howard's proposed opinions is that Mr. Howard:

> will testify that the pilots on Mesa flight #5959 breached the standard of care
> for their passengers when, among other things, the captain failed to
> communicate with the passengers as the plane was rapidly descending from
> cruising altitude of 35,000 feet to 10,000 feet. During the several minutes
> that it took for the plane to make this extreme descent the pilots gave no
> announcements to the passengers. The oxygen mask system was partially
> deployed, and the Plaintiffs believed the plane was about to crash and no one
> communicated to them that the situation was under control.

(Doc. 29 at 8).

---

[3]     The plaintiffs incorrectly titled their witness and exhibit lists "*Defendants'*
Reliminary [sic] Witness and Exhibit List." (*See* Doc. 30-9).

The amended lists also named nine medical provider witnesses, none of whom were specifically identified in their prior witness list. (*See* Docs. 28, 29, 30 at 7). Only two of the named medical provider witnesses, Dr. Kelly and Dr. Rylander, were identified as past medical providers in the plaintiffs' October 14, 2022, responses to Mesa's written discovery, and they were not at that time identified as witnesses. (Doc. 30-2 at 6). Despite repeatedly failing to comply with the deadlines in the Court's Scheduling Order, the plaintiffs never sought an extension of deadlines or leave to file any lists out of time.

On April 5, 2023, the defendants filed Motions for Summary Judgment pursuant to the dispositive motion deadline in the Scheduling Order. The defendants also filed numerous Motions in Limine on April 11, 2023. Trial is set for June 20, 2023. (Doc. 20).

II.     **Discussion**

A.     **The Plaintiffs' Expert Report and Identification Should be Stricken**

The Federal Rules of Civil Procedure require the parties to disclose the identity of any expert witness they plan to use at trial "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(A), (D).  Rule 26(a) further requires that the parties' expert disclosures be "accompanied by a written report" containing a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). If a party fails to provide a timely expert report as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 951–52 (10th Cir. 2002).

Trial courts have broad discretion to determine whether a Rule 26(a) violation is substantially justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir. 1996)). The Tenth Circuit has set forth four factors to guide such determinations: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citations omitted).

### 1. Prejudice or Surprise to the Defendants

The defendants will be prejudiced if the plaintiffs are allowed to present their belatedly-disclosed expert. The plaintiffs did not identify Mr. Howard as an expert witness or produce his expert report until March 21, 2023, nearly seven months after Mesa issued written discovery to the plaintiffs regarding expert disclosures, two months after the plaintiffs' expert identification and report deadline, and three weeks after the discovery cutoff of March 1, 2023. (Docs. 20, 28, 29, 30-2, 30-3). The defendants were not able to depose Mr. Howard prior to the close of discovery, nor were they able to retain a responsive expert witness or have a deposition to bolster any expert challenge or motions in limine. Instead, the defendants timely identified an expert and produced an expert report without the benefit of having any information about the plaintiffs' expert. (Doc. 30-7).[4]

---

[4]      The plaintiffs do not claim that Mr. Howard's report was a rebuttal report. The content of the report does not appear to be in rebuttal, as the only "opinion" identified is that the defendants "breached the standard of care for their passengers when, among other things, the captain failed to communicate with the passengers[,]" an issue on which the

### 2. Ability to Cure Prejudice

The plaintiffs argue that the second factor, the ability to cure the prejudice, weighs in favor of denying the Motion to Strike Plaintiffs' Expert Report. Specifically, they argue that retroactively amending the Scheduling Order would allow the defendants additional time to depose Mr. Howard and supplement their expert report. The plaintiffs did not file motions to extend the deadlines. In any event, extending the deadlines at this stage of the litigation would likely increase, rather than cure, the prejudice to the defendants. The defendants have, in a timely manner, issued discovery, taken depositions, disclosed their expert, produced their expert report, attended the settlement conference, and fully briefed and filed their Motions for Summary Judgment and Motions in Limine. (Docs. 30-8, 40, 42, 45-49). Reopening discovery would further prejudice the defendants by requiring, at a minimum, expert discovery, an expert deposition, amendment to the defendants' expert report, and repetitive motion practice.

### 3. Disruption of Trial

Permitting the plaintiffs to use Mr. Howard's expert report would require the reopening of discovery, the supplementing of the defendants' expert report, potentially new or additional briefing on dispositive motions and motions in limine. Such relief would necessarily impact the trial date. *See Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020) ("Undoubtedly, to reopen discovery to allow for new

---

plaintiffs bear the burden of proof. (Doc. 28 at 7). Also, the plaintiffs only cited the 90-day rule for expert disclosures, rather than the 30-day rule for rebuttal expert testimony, as an alleged excuse for their delay. *See* Fed. R. Civ. P. 26(a)(2)(D)(i), (ii).

depositions and retention of a new expert (who would in turn need time to produce a new expert report) would push out the pretrial, and ultimately the trial.").

### 4. Bad Faith or Willfulness

Bad faith "is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Hudgins v. Vermeer Mfg. Co.*, 240 F.R.D. 682, 685 (E.D. Okla. Feb. 27, 2007) (citing *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992)). On the other hand, a "willful failure" is defined as "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *In re Standard Metals, Corp.,* 817 F.2d 625, 628-29 (10th Cir. 1987) (quoting *Patterson v. C.I.T. Corp.,* 352 F.2d 333, 336 (10th Cir. 1965)).

The circumstances here indicate that the plaintiffs' discovery conduct at least meets the willfulness standard. The plaintiffs disclosed Dan Howard as an expert witness for the first time seven months after Mesa issued written discovery to the plaintiffs requesting the identity of their expert witnesses, two months after the plaintiffs' expert identification and report deadline, and three weeks after the close of discovery. (Doc. 28, 29). At no point did the plaintiffs supplement their initial disclosures or their written discovery responses to identify Mr. Howard, nor did the plaintiffs move for an extension of deadlines prior to the close of discovery.[5]

---

[5]    As noted, the plaintiffs have also not complied with other deadlines in the case including deadlines for their settlement conference statement and witness and exhibit lists. The plaintiffs' failure to timely produce a settlement conference statement resulted in the Court striking the March 6, 2023, settlement conference on March 3, 2023. (Docs. 22, 25). At that time, the Court issued a warning to the plaintiffs regarding continuing failure to comply with Court orders. (Doc. 25).

The plaintiffs have not provided any adequate explanation for their repeated failures to comply with the Court's deadlines. In their response briefs, the plaintiffs acknowledged that "missteps have occurred" and stated that they relied on the 90-day-rule for expert disclosures in Fed. R. Civ. P. 26(a)(2)(D) ("Absent a stipulation or court order, the disclosures must be made at least 90 days before the date set for trial."). (Doc. 35 at 9). However, as expressly stated in Rule 26(a)(2), expert disclosures must be made "at the times and in the sequence that the court orders," and the 90-day-rule only applies "[a]bsent a stipulation or a court order." Accordingly, the 90-day-rule is not applicable here, where a Scheduling Order was entered in August 2022 and included a deadline for that expert disclosure. The plaintiffs provided no further explanation for the delay at the April 6 hearing. Based on these facts, the Court finds the plaintiffs' conduct was at least willful.

In light of the significant prejudice to the defendants caused by the plaintiffs' willful conduct, the Court cannot conclude that the plaintiffs' failure to timely identify their expert and produce their expert report pursuant to Rule 26(a) was justified or harmless. The plaintiffs are thus precluded from using the expert witness "to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Accordingly, the Motion to Strike the Expert Report of Dan Howard is granted.

B.    **The Plaintiffs' Violations of Fed. R. Civ. P. 26(a), (e) Warrant Striking Belatedly Disclosed Witnesses from the Amended Witness Lists.**

The defendants also move to strike the plaintiffs' "Amended" Witness and Exhibit Lists, filed on March 21, 2023, on the basis that the plaintiffs identified Mr. Howard and certain medical provider witnesses for the first time therein. (Docs. 28, 29). The plaintiffs

did not identify these medical providers as witnesses in their initial disclosures, discovery responses, or witness lists and did not supplement their initial disclosures or responses prior to the close of discovery.  (Doc. 30 at 7-9).

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have the discoverable information[.]" In addition, Rule 26(a)(3)(A) and (B) require the parties to timely produce pretrial disclosures, including "the name and, if not previously provided, the address and telephone number of each witness," in accordance with the Court's Scheduling Order. Fed. R. Civ. P. 26(a)(3)(A)(i).

"A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A). As noted, if a party fails to identify witnesses as required by Rule 26(a), or fails to supplement witness disclosures under Rule 26(e), the party is not allowed to use the witnesses "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the plaintiffs filed their Initial Disclosures on August 29, 2022, identifying their witnesses as "medical professionals (doctors, nurses, etc.) that have diagnosed, prescribed and/or provided care to both Plaintiffs . . . to be later identified" and "any expert witnesses retained by Plaintiffs." (Doc. 21). The plaintiffs never supplemented their initial

disclosures to identify their expert or medical provider witnesses prior to the close of discovery, violating Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1)(A).  (Doc. 30 at 9).

The plaintiffs produced their preliminary witness and exhibit lists to the defendants after the deadline, and their preliminary lists only identified themselves, "Experts", and "Witnesses Listed by Defendants." (Doc. 30-9). The plaintiffs did not list medical providers as a general witness category, much less specifically identify the medical providers they intended to call as witnesses. The plaintiffs' untimely and deficient witness and exhibit lists violated Fed. R. Civ. P. 26(a)(3)(A)(i). *Id*. The plaintiffs then filed their amended witness and exhibit lists on March 21, 2023, listing nine medical providers, only two of whom had been previously identified by Plaintiff Bradshaw in her October 14, 2022, responses to Mesa's written discovery, which requested identification of prior medical providers. They were not identified as witnesses who may be called at that time. (Docs. 28, 29, 30-2 at 6). The plaintiffs thus may not use Mr. Howard or the medical provider witnesses at trial, unless their failure was substantially justified or is harmless.

As with the plaintiffs' delay in providing the expert report, the delay is not substantially justified or harmless. The defendants are prejudiced by the plaintiffs' Rule 26(a) and (e) violations as to their belated identification of medical and expert witnesses. The plaintiffs' failure to identify those witnesses impeded the defendants' ability to depose and seek additional information from the witnesses prior to the discovery cutoff and dispositive motions filing deadline. The prejudice cannot be cured, as additional discovery, depositions, and motion practice would inevitably delay the trial, and the plaintiffs' conduct was willful. *See Woodworker's Supply, Inc.,* 170 F.3d at 993.

Because the failure to timely identify witnesses was not justified or harmless, Fed. R. Civ. P. 37(c)(1) dictates that the plaintiffs be precluded from using their untimely disclosed witnesses "to supply evidence on a motion, at a hearing, or at a trial." The defendants' Motion to Strike Plaintiffs' "Amended" Witness and Exhibit Lists is granted as to Mr. Howard and the plaintiffs' medical providers who were first disclosed as trial witnesses on March 21, 2023. (Doc. 28, 29, witnesses listed at paragraphs 3-12).

**C.      The Plaintiffs Did Not Comply with LCvR 7-1(g), Fed. R. Civ. P. 6, and Fed. R. Civ. P. 16.**

Pursuant to the Scheduling Order (Doc. 20), no deadline "can be changed except for good cause and upon written Order of the Court *prior to the date scheduled*." (Doc. 20) (emphasis added). LCvR 7-1(g) further sets forth the requirements for requests for extensions of time, requiring the moving party to set out by motion "(1) the date the act is due to occur without the requested extension; (2) whether previous motions for extensions have been made and the disposition of said requested extensions; (3) specific reasons for such requested extension, to include an explanation why the act was not done within the originally allotted time; (4) whether the opposing counsel or party agrees or objects to the requested extension; and (5) the impact, if any, on the scheduled trial or other deadlines." Fed. R. Civ. P. 6(b)(1)(A) likewise requires that such requests be made "before the original time or its extension expires."

Similarly, pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." While the plaintiffs suggest in their response briefing that the Court can cure the prejudice by simply extending deadlines, the plaintiffs

never moved to extend the Scheduling Order deadlines in compliance with LCvR 7-1(g), Fed. R. Civ. P. 6(b)(1)(A), or Fed. R. Civ. P. 16(b)(4). They have also not provided any explanation that would establish good cause for any extension or for their failure to timely comply with deadlines or seek extensions. They have not shown that they were diligent in attempting to meet the deadlines. Instead, the plaintiffs unilaterally disregarded the deadlines, identifying their expert witness and medical provider witnesses months late and only after the March 1, 2023 discovery cutoff. (Docs. 20, 28, 29). The plaintiffs have not provided the Court with an adequate explanation for their delay, other than noting that "missteps have occurred." (Doc. 35 at 4). Such conduct does not support a finding of diligence or good cause as required to justify extensions under the Scheduling Order, LCvR 7-1(g),  Fed. R. Civ. P. 6(b)(1)(A), or Fed. R. Civ. P. 16(b)(4).

Even had the plaintiffs belatedly sought extensions after the deadlines had passed, they have not provided any justification that would satisfy the applicable standard. "[O]n a motion made after the time has expired," the Court may, for good cause, extend the deadlines "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the neglect is excusable, the court must "take account of all relevant circumstances surrounding the party's omission." *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inc. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 381, 113 S. Ct. 1489, 1491 (1993)).  Four factors are relevant to this calculation: "(1) the danger of prejudice to the [non-moving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable

14

control of the movant, and (4) whether the movant acted in good faith." *City of Chanute, Kan.,* 31 F.3d at 1046 (citing *Pioneer Inc. Servs. Co.,* 507 U.S. at 381). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'" *Stringfellow v. Brown*, No. 95-7145, 1997 WL 8856 at *1 (10th Cir. Jan. 10, 1997) (unpublished) (citing *City of Chanute,* 31 F.3d at 1046).

Based upon the above discussions of prejudice, the inability to sufficiently cure the prejudice, the impact on the trial, and the lack of reasons for the delay, the factors weigh in favor of a finding that the plaintiffs have not shown excusable neglect. The plaintiffs have not described any justifications for their failures to comply with deadlines. (Doc. 35 at 4). In fact, they do not dispute that the circumstances of the delay were within their control. Thus, the plaintiffs have failed to show excusable neglect as required by Fed. R. Civ. P. 6(1)(B).

**D.      The Defendants' Request for Fees is Denied.**

In addition to an Order striking the belatedly-disclosed witnesses from Docs. 28 and 29, the defendants argue that the "[p]laintiffs should be ordered to pay the reasonable expenses, including attorneys' fees, caused by the failure" and that the Court should "inform the jury of [the p]laintiffs' failure, and impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)." (Doc. 30 at 18). Although the circumstances necessitated that the defendants pursue the instant Motions, the Court finds that the striking of the plaintiffs' expert report and the striking of the expert and medical provider witnesses from the amended witness lists are sufficient sanctions proportional to the conduct at issue. For this reason, the Motion for Sanctions is granted as

15

to the striking of the plaintiffs' expert report and witnesses from their amended witness lists, but it is denied as to attorneys' fees and other potential relief under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## III.   CONCLUSION

For the reasons set forth above, the Motion to Strike Plaintiffs' Amended Witness List and Exhibit Lists, Motion to Strike Expert Report, and Motion for Sanctions (Doc. 30, 53) are **granted in part** and **denied in part**. The plaintiffs' expert identification and report are stricken, the expert and medical providers are stricken as witnesses from plaintiffs' amended witness lists, and the requested sanctions of an award of fees and costs and instruction to the jury are denied.

IT IS SO ORDERED this 28th day of April, 2023.

*Christine D. Little*

Christine D. Little
United States Magistrate Judge